UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY, *et al.*,<br><br>                   Plaintiffs,<br><br>     v.<br><br>NICK SESSIONS, *et al.*,<br><br>                  Defendants. | Case No. 1:24-cv-00082-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR LEAVE TO SERVE DEFENDANT ADVANCED REALTY BY DELIVERY OF PROCESS TO THE CALIFORNIA SECRETARY OF STATE<br><br>(Doc. 13)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR LEAVE TO SERVE DEFENDANT NICK SESSIONS BY PUBLICATION<br><br>(Doc. 14) |

      Pending before the Court are the motions of Plaintiffs American Fire and Casualty Company and Ohio Security Insurance Company ("Plaintiffs") (1) for leave to serve Defendant Advanced Realty by delivery of process to the California Secretary of State, and (2) for service by publication on Defendant Nick Sessions.  (Docs. 13-14).  Having considered Plaintiffs' motions, and the declarations and exhibits attached thereto, for the reasons explained herein, the Court shall deny the motions without prejudice.

/ / /

1

**Background**

On March 10, 2023, Defendant Nick Sessions filed a civil action against Defendants Clemmer & Company Real Estate Services, Advanced Realty, AA Farms, Angone Farms, LLC, Aldo Angone, and Alberta Angone in Kern County Superior Court entitled *Sessions v. Clemmer & Company Real Estate Services, et al.* (the "Underlying Lawsuit"). (Doc. 1 at ¶ 34). In the Underlying Lawsuit, Defendant Sessions asserts claims for negligence and premises liability against all other Defendants. *Id*. at ¶ 35. Defendant Sessions seeks to recover compensatory and special damages, including past and future medical expenses and loss of earnings. *Id*.

On January 18, 2024, Plaintiffs initiated this action with the filing of a complaint for declaratory relief against Defendants Sessions, Clemmer & Company Real Estate Services, Advanced Realty, AA Farms, Angone Farms, LLC, Aldo Angone, and Alberta Angone (hereinafter collectively "Defendants"). (Doc. 1). Although Plaintiffs assert they have issued certain insurance policies to certain of the Defendants, the claim they have no duty to defend, indemnify, and request reimbursement of defense fees and expenses to any Defendant in the Underlying Lawsuit. *Id*. at 3, 7, 10-13.

The Court issued summonses for the Defendants. (Docs. 4-5). On April 17, 2024, Plaintiffs filed a scheduling report and request for additional time to serve Defendants. (Doc. 7). The Court granted Plaintiffs' request and provided Plaintiffs an additional 60 days to effect service. (Doc. 11). Thereafter, Plaintiff filed proof of service of the summons and complaint as to Defendants Angone Farms LLC, AA Farms, Alberta Angone, and Aldo Angone. (Docs. 8-10, 12).

On March 13, 2024, Plaintiffs represent they attempted to serve Defendant Advanced Realty via process server at its last known address. (Docs. 13-1 at ¶ 6; 13-3). Plaintiffs note they have been unable to locate a viable address for either Advanced Realty or its agent, Shawn Barton. (Doc. 13-1 at ¶¶ 3, 5, 8-9). Further, Plaintiffs state Advanced Realty was dissolved through the filing of a certificate of dissolution with the California Secretary of State. (Docs. 13-1 at ¶ 4; 13-2).

Separately, Plaintiffs attempted to serve Defendant Sessions at an address believed to be his residence on March 16, 2024, but thereafter concluded he did not reside at that location. (Doc. 14-1 at ¶ 5). On April 7, 11, and 15, 2024, Plaintiffs attempted to serve Defendant Sessions via process server

1   at a different address believed to be possibly his residence.  (Docs. 14-1 at ¶ 6; 14-2).  On April 18,
2   2024, Plaintiffs attempted to serve Defendant Sessions via process server at another address provided
3   through a retained private investigator.  (Docs. 14-1 at ¶¶ 7-8; 14-2).  Plaintiffs also sought assistance
4   from Defendant Sessions' counsel in the Underlying Lawsuit, Laura Sedrish, to accept service on hie
5   behalf.  (Doc. 14-1 at ¶ 4).  Plaintiffs assert Ms. Sedrish did not respond to counsel's calls and email.
6   *Id*.
7         On May 8, 2024, Plaintiffs filed the instant motions in which they request leave of Court (1) to
8   serve Defendant Advanced Realty by hand delivering a copy of the summons and complaint to the
9   California Secretary of State's office, and (2) to serve the summons and complaint by publication on
10  Defendant Sessions.  (Docs. 13-14).

11  **<u>Legal Standard</u>**

12        "A federal court does not have jurisdiction over a defendant unless the defendant has been
13  properly served."  *See* Fed. R. Civ. P. 4; *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.,*
14  *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.
15  1982)).  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives
16  sufficient notice of the complaint."  *Id.* (quoting *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736
17  F.2d 1371, 1382 (9th Cir. 1984)).  However, "without substantial compliance with Rule 4, 'neither
18  actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."  *Id.*
19  (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).
20        Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90
21  days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must
22  dismiss the action without prejudice against that defendant or order that service be made within a
23  specified time."  However, "if the plaintiff shows good cause for the failure, the court must extend the
24  time for service for an appropriate period."  *Id*.
25        Under the Federal Rules of Civil Procedure, an individual can be served by any of the
26  following: "(A) delivering a copy of the summons and of the complaint to the individual personally;
27  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of
28  suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized

by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). A corporation may be served "by delivering a copy of the summons and [] the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Rule 4 also provides that proper service can be made by "following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

**Discussion**

1. **Service on Defendant Advanced Realty by delivery of process to the Secretary of State**

Pursuant to California law, a court may order, under certain circumstances, that service be made on a corporation by hand-delivery of process and an order authorizing such service to the Secretary of State. Cal. Corp. Code § 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

"'[A]s a condition precedent to the issuance of an order for such substituted service' a plaintiff's affidavit must establish that 'the corporation cannot be served with the exercise of due diligence in any other manner provided by law.'" *Viewtech, Inc. v. Skytech USA, Inc.*, No. 07cv531-L(NLS), 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007) (citing *Batte v. Bandy*, 165 Cal. App. 2d 527, 535 (1958)).

Section 416.10 of the California Code of Civil Procedure governs service on corporations that have not been dissolved or forfeited their right to do business. *Dakavia Mgmt. Corp. v. Bigelow*, No. 1:20-cv-00448-NONE-SKO, 2020 WL 2112261, at *1 (E.D. Cal. May 4, 2020). Section 416.20 governs service of summons upon a corporation that has forfeited its charter or right to do business or

4

has dissolved. Under such circumstances, service may be accomplished by delivery to a person who is a trustee of the corporation and of its stockholders or members. Cal. Civ. Proc. Code § 416.20(a).

As stated above, Plaintiffs represent Defendant Advanced Realty was dissolved through the filing of a certificate of dissolution with the California Secretary of State on or about January 25, 2022. (Doc. 13). The certificate of dissolution notes that "[t]he dissolution was made by a vote of [a]ll of the shareholders of the California corporation." (Doc. 13-2 at 2). However, Plaintiffs' pleadings do not indicate they have attempted to serve Advanced Realty's trustee of the corporation, the purported stockholders and/or shareholders identified above, or other members as provided by Cal. Civ. Proc. Code § 416.20(a).

Additionally, Plaintiffs identify that Shawn Barton, the former principal and agent of service for Advanced Realty, moved to Montana. (Doc. 13-1 at ¶ 9). Plaintiffs do not identify any efforts made to locate Mr. Barton in Montana. The certificate of dissolution also indicates Kara Barton was a director of Advanced Realty. (Doc. 13-2 at 2). Like Mr. Barton, Plaintiffs' pleadings do not identify whether and what attempts were made to locate or serve Ms. Barton. *Cf. Bd. of Trs. of the Laborers Health & Welfare Trust Fund v. Bowdry & Bowdry Janitorial LLC*, No. 18-cv-01702-MEJ, 2018 WL 3093377, at *2 (N.D. Cal. June 22, 2018) (denying application to serve corporation through the California Secretary of State where the affidavit submitted by plaintiffs did not demonstrate a diligent search for officers).

Although Plaintiffs have made attempts to serve Advanced Realty's agent (Doc. 13-3), the Court finds that for the aforementioned reasons, Plaintiffs have failed to establish that process cannot be served with reasonable diligence pursuant to California Code of Civil Procedure § 1702. Accordingly, Plaintiffs' request to serve Defendant Advanced Realty by delivery of process to the California Secretary of State will be denied without prejudice.

2. **Service on Defendant Nick Sessions by publication**

California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) a cause of action exists against the party upon whom service is to be made; or (2) he or she is a necessary or proper party to the action.

Cal. Civ. Proc. Code § 415.50(a)(1). "Under California law, '[c]onsistent with the notions of fair play and due process, substituted service by publication is a last resort when reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication has been exercised.'" *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (quoting *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018)). "'Personal service remains the method of choice under the statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.'" *Id*.

Plaintiffs contend that they have made diligent efforts to effectuate service on Defendant Sessions but have been unsuccessful. Plaintiffs now seek authorization to serve Defendant Sessions by publication.

The Court first considers whether a "cause of action exists against" the unserved defendant. *See* Cal. Civ. Proc. Code § 415.50(a)(1). Under California law, "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977). The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. *Id*. "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 334 (1978). Here Plaintiffs have provided evidentiary support that a cause of action exists against Defendant Sessions in a declaration from Plaintiffs' counsel. (Doc. 14-1). The declaration states Plaintiffs are "seeking a declaration that Plaintiffs have no duty to defend or indemnify Defendants in the underlying lawsuit, entitled *Nick Sessions v. Clemmer & Company Real Estate Services, et al*." *Id*. at ¶ 2. Thus, Plaintiffs have demonstrated the existence of a cause of action against Defendant Sessions and have established that he is a necessary and/or proper party for this action.

Next, the Court must consider whether Plaintiffs have been reasonably diligent in their effort to serve Defendant Sessions by other means. In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under

1  the circumstances." *Donel, Inc.*, 87 Cal. App. at 333.  The "reasonable diligence" requirement
2  "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his
3  agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996).  "Before allowing a
4  plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive
5  attempts to locate the defendant, for it is generally recognized that service by publication rarely results
6  in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n. 5 (1995) (internal quotations and
7  citations omitted).

8        That a plaintiff has taken one or a few reasonable steps does not necessarily mean that all
9  "myriad…avenues" have been properly exhausted to warrant service by publication. *THIC-Orange*
10 *Cty., Inc. v. Valdez*, No. 17-cv-01911-LB, 2017 WL 2171185, at *2 (N.D. Cal. May 17, 2017 (quoting
11 *Donel, Inc.*, 87 Cal. App. 3d at 333).  But a plaintiff will generally satisfy its burden through "[a]
12 number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives,
13 friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone
14 directories, the voters' register, and the real and personal property index in the assessor's office, near
15 the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137.  "These are likely sources of
16 information, and consequently must be searched before resorting to service by publication." *Id*.  The
17 reasonable diligence inquiry is fact and case-specific. *Id*. at 1137-38 ("[T]he showing of diligence in a
18 given case must rest on its facts and no single formula nor mode of search can be said to constitute due
19 diligence in every case.").

20       Here, Plaintiffs' counsel states she called Defendant Sessions' attorney in the Underlying
21 Lawsuit, left several messages, and sent an email to her. (Doc. 14-1 at ¶ 4).  Plaintiffs' counsel asserts
22 service was attempted on Defendant Sessions on five different occasions at three different addresses.
23 *Id*. at ¶¶ 5-6, 8.  Plaintiffs' counsel attests her office hired an investigator to obtain viable addresses for
24 Mr. Sessions, but the investigator was unsuccessful. *Id*. at ¶¶ 7-8.

25       The Court finds that while Plaintiffs have made reasonable efforts to serve Defendant Sessions,
26 said efforts were not sufficiently exhaustive.  It appears Plaintiffs' counsel left several messages and
27 sent a single email to Defendant Sessions' counsel in the Underlying Lawsuit before submitting their
28

April 17, 2024, scheduling report, but it is unclear whether Plaintiffs' counsel made any further effort to obtain an appropriate address from Ms. Sedrish. (Docs. 7 at 2; 14-1 at ¶ 4).

The record demonstrates Plaintiffs first attempted to first serve Defendant Sessions on March 16, 2024 – some two months after summonses were issued. (Doc. 14-1 at ¶ 5; Doc. 4). Thereafter, Plaintiffs attempted service on a different residence on two occasions one week apart, but no one was present on those dates. Plaintiffs have proffered no further information about whether this residence has been ruled-out as a residence, or whether, if not, any additional service efforts were made during the weeks that followed.

On April 18, 2024, the Court extended to Plaintiffs an additional 60 days to effect service on any then un-served Defendants. (Doc. 11). That same day, Plaintiff attempted to serve Defendant Sessions at a third residence in Bakersfield, but the location was deemed vacant. (Doc. 14-1 at 14-1 at ¶ 8).

Beyond these singular attempts, Plaintiff does not indicate what if any other efforts were made in attempting to locate and serve Defendant Sessions. *Cf.* (Doc. 7 at 4) ("Plaintiffs will make further *attempts* to serve Nick Sessions but anticipate they will likely need to seek leave of Court to serve Mr. Sessions by publication as he has proven difficult to locate.") (emphasis added). Further, Plaintiffs' counsel's pleadings do not indicate that she tried to ascertain where Defendant Sessions could be served "by asking [his] relatives, friends, acquaintances, or employers, and by investigating appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137 (internal quotations omitted).

Plaintiffs have not shown that they have undertaken sufficient diligence and reasonably exhausted the means to locate and serve Defendant Sessions. Thus, the Court concludes Plaintiffs have not shown the diligence required by due process to move forward with the "last resort" of service of publication. Accordingly, the Court will deny Plaintiff's request for service of the summons and complaint by publication without prejudice. Plaintiff may re-file the request with further information about subsequent service attempts to clarify or demonstrate why alternative service is necessary for this action.

Additionally, given Plaintiffs' preliminary efforts to locate and serve Defendants, the Court finds good cause to extend the time to complete service.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to serve Defendant Advanced Realty by delivery of process to the California Secretary of State (Doc. 13) is DENIED WITHOUT PREJUDICE;
2. Plaintiffs' motion for leave to serve Defendant Nick Sessions by publication (Doc. 14) is DENIED WITHOUT PREJUDICE; and
3. Pursuant to Rule 4(m), Fed. R. Civ. P., Plaintiffs shall have through and including June 27, 2024, to serve the summons and complaint on Defendants Advanced Realty and Nick Sessions; and

IT IS SO ORDERED.

Dated:   **May 16, 2024**

UNITED STATES MAGISTRATE JUDGE